Daiil PARK, Individually and on behalf of
all persons similarly situated,
Appellant,

v.

STATE of Alaska, Appellee.

No. 2307.

Supreme Court of Alaska.

Nov. 25, 1974.

Daiil Park, pro se.

Timothy G. Middleton, Asst. Atty. Gen., Anchorage, Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

## OPINION

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER and FITZGERALD, JJ.

CONNOR, Justice.

The question presented in this appeal is whether an alien who is a permanent resident of Alaska may be precluded from voting in state elections.

The facts of this case are not disputed. Appellant has been a bona fide resident of Alaska since 1959. He is not a citizen of

the United States, but since 1969 he has been a permanent resident alien. In August of 1974 he filed an application for naturalization with the Immigration and Naturalization Service of the United States.

Appellant was admitted to the practice of law in Alaska in 1971 by virtue of this court's decision in Application of Park, 484 P.2d 690 (1971) and has been practicing law in this state since that time. He holds a commission as a notary public for the State of Alaska. He is also a taxpayer and property owner.

Earlier this year appellant applied to the appropriate state officials for registration as a voter in the state primary and general elections. His application was denied on the ground that, although he was qualified in every other respect, he was not a citizen of the United States, as required by Alaska statute.[1]

Appellant filed a declaratory judgment action in the superior court on June 4, 1974, and sought an injunction requiring his registration as a voter. Shortly thereafter he sought summary judgment.[2] From an adverse determination by the superior court, Park brings this appeal.

On appeal it is asserted that the state's requirement of citizenship as a voter qualification denies to appellant the equal protection of the laws, as guaranteed by the federal and state constitutions.[3]

As the trial court noted, the Alaska Constitution is dispositive of this question as a matter of Alaska law. Article 5, Section 1, of the Alaska Constitution provides:

"Every citizen of the United States who is at least eighteen years of age, who meets registration residency requirements which may be prescribed by law, and who is qualified to vote under this article, may vote in any state or local election. A voter shall have been, immediately preceding the election, a thirty day resident of the election district in which he seeks to vote, except that for purposes of voting for President and Vice President of the United States other residency requirements may be prescribed by law. Additional voting qualifications may be prescribed by law for bond issue elections of political subdivisions."

The plain meaning of this language limits the voting privilege to citizens of the United States. Appellant argues that this conflicts with the equal protection clause of the Alaska Constitution contained in Article 1, Section 1.[4] We find no such conflict. It is a well accepted principle of judicial construction that, whenever reasonably possible, every provision of the

---

1. AS 15.05.010 provides in pertinent part: "A person may vote at any election who (1) is a citizen of the United States; . . . (6) has registered before the election as required under ch. 7 of this title."

2. The state commendably entered into a stipulation of facts and otherwise cooperated to ensure a speedy adjudication of appellant's claims.

3. Amendment 14, Section 1, of the United States Constitution provides:
"All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."
Article 1, Section 3, of the Alaska Constitution states:
"No person is to be denied the enjoyment of any civil or political right because of race, color, creed, sex, or national origin. The legislature shall implement this section."

4. Article 1, Section 1, of the Alaska Constitution states:
"This constitution is dedicated to the principles that all persons have a natural right to life, liberty, the pursuit of happiness, and the enjoyment of the rewards of their own industry; that all persons are equal and entitled to equal rights, opportunities, and protection under the law; and that all persons have corresponding obligations to the people and to the State."

Constitution should be given meaning and effect, and related provisions should be harmonized. *See e. g.* Otsuka v. Hite, 64 Cal.2d 596, 51 Cal.Rptr. 284, 414 P.2d 412, 421 (1966). It must be assumed that the drafters of our Constitution considered that the qualifications for voting stated in Article 5, Section 1, did not create a classification prohibited by the declaration of rights in Article 1, Section 1, as the provisions were adopted concurrently. Thus, under express language of Article 5, Section 1, aliens are excluded from voting in the State of Alaska.

■ The only remaining question is whether the federal constitution somehow invalidates the Alaska constitutional provision. Appellant asserts that the equal protection clause of the federal constitution requires that he be afforded the privilege of voting in Alaska.

It is true that aliens are protected by the Fourteenth Amendment to the United States Constitution. *See e. g.* Takahashi v. Fish and Game Commission, 334 U.S. 410, 419–420, 68 S.Ct. 1138, 92 L.Ed. 1478 (1948). It is also established that aliens are a discrete and insular minority and classifications based on alienage are subject to close judicial scrutiny. Sugarman v. Dougall, 413 U.S. 634, 642, 93 S.Ct. 2842, 37 L.Ed.2d 853 (1973). Nevertheless, it has long been recognized that states have the power to establish conditions of suffrage, provided that such conditions do not contravene any constitutionally protected rights.[5] For example, the Fourteenth Amendment in one clause prohibits the states from abridging the privileges and immunities of citizens of the United States, but in other clauses relating to due process of law and equal protection of the laws extends its prohibitions against the states to encompass all "persons." Similarly the Fifteenth, Nineteenth, Twenty-Fourth, and Twenty-Sixth Amendments of the United States Constitution,[6] guarantee the right of citizens of the United States to vote without regard to race, color, previous condition of servitude, sex, payment of poll tax or other tax, and guarantee the right of voting to citizens who are 18 years of age or older. Because all of these voting rights are applied expressly only to citizens, the necessary implication is that such rights are not available to aliens.[7]

No judicial decision is contrary to this interpretation. Indeed the United States Supreme Court, while recognizing other

---

5. *See e. g.*, Kusper v. Pontikes, 414 U.S. 51, 57, 94 S.Ct. 303, 38 L.Ed.2d 260 (1973); Evans v. Cornman, 398 U.S. 419, 422, 90 S.Ct. 1752, 26 L.Ed.2d 370 (1970); Carrington v. Rash, 380 U.S. 89, 91, 85 S.Ct. 775, 13 L.Ed.2d 675 (1965); Lassiter v. Northampton Election Bd., 360 U.S. 45, 50, 79 S.Ct. 985, 3 L.Ed.2d 1072 (1959); Pope v. Williams, 193 U.S. 621, 632–634, 24 S.Ct. 573, 48 L.Ed. 817 (1904).

6. Amendment 15, Section 1, of the United States Constitution provides:
    "The right of citizens of the United States to vote shall not be denied or abridged by the United States or by any State on account of race, color, or previous condition of servitude."
    Article 19 of the United States Constitution provides in pertinent part:
    "The right of citizens of the United States to vote shall not be denied or abridged by the United States or by any state on account of sex."
    Amendment 24, Section 1, of the United States Constitution provides:
    "The right of citizens of the United States to vote in any primary or other election for President or Vice President, for electors for President or Vice President, or for Senator or Representative in Congress, shall not be denied or abridged by the United States or any State by reason of failure to pay any poll tax or other tax."
    Amendment 26, Section 1, of the United States Constitution provides:
    "The right of citizens of the United States, who are eighteen years of age or older, to vote shall not be denied or abridged by the United States or by any State on account of age."

7. In Sugarman v. Dougall, 413 U.S. 634, 93 S.Ct. 2842, 37 L.Ed.2d 853 (1973), the United States Supreme Court noted that Congressional records concerning the adoption of the Fourteenth and Fifteenth Amendments indicate that Congress was aware of the alien/citizen distinction in these amendments, and intended to guarantee voting rights only to United States citizens. Sugarman v. Dougall, supra, at 648 n. 13, 93 S.Ct. 2842.

rights possessed by aliens under the equal protection clause, has been careful to point out in dictum that the states are not restricted in using citizenship as a proper criterion of the right to vote. The court noted in Sugarman v. Dougall, 413 U.S. 634, 648–649, 93 S.Ct. 2842, 2851, 37 L.Ed. 2d 853 (1973),

> "This Court has never held that aliens have a constitutional right to vote or to hold high public office under the equal protection clause. Indeed, implicit in many of this court's voting rights decisions is the notion that citizenship is a permissible criterion for limiting such rights."

Appellant cites us to no judicial decisions in either state or federal courts which establish a federal right on the part of aliens to vote in state elections. In our opinion, the equal protection clause of the Fourteenth Amendment to the United States Constitution does not guarantee state voting rights for aliens. We hold, therefore, that appellant was properly excluded from registration as a voter in the State of Alaska.

Affirmed.

ERWIN, J., not participating.